ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| LUIS O. RIVERA TORRES<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400529 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Querella Núm. 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<br><br>Sobre: Querella Disciplinaria |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de octubre de 2024.

El 23 de septiembre de 2024, el señor Luis O. Rivera Torres (en adelante, el señor Rivera Torres o parte recurrente) presentó el recurso de epígrafe ante este Tribunal. Por medio de este, nos solicita que revisemos la *Resolución* de la querella disciplinaria Núm. 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 emitida el 19 de agosto de 2024.[1]

Cabe recalcar que el peticionario sometió una *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia*, la cual está debidamente cumplimentada. Tomando en consideración su condición de confinado, se acepta y aprueba la *In Forma Pauperis* según presentada.

El 1 de octubre de 2024 emitimos *Resolución* donde le concedimos al Departamento de Corrección y Rehabilitación hasta el 10 de octubre de 2024 para presentar copia certificada del expediente administrativo de la Querella Número 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 y a la Oficina del Procurador General hasta el 16 de octubre de 2024 para exponer su posición en cuanto al recurso. El 10 de octubre

---

[1] Recurso de Revisión Judicial, pág. 2.

de 2024 el Departamento de Corrección y Rehabilitación presentó la copia certificada del expediente administrativo y posteriormente, el Procurador General presentó su Escrito en Cumplimiento de Resolución el 11 de octubre de 2024.

Por los fundamentos que expondremos a continuación, se *confirma* el dictamen recurrido.

**-I-**

Por hechos que se alegó tuvieron lugar en la mañana del 14 de junio de 2024, la parte recurrente recibió copia de la *Querella* el 20 de junio de 2024.[2] En este documento, se le imputó desobedecer una orden directa al rehusarse a registrar su asistencia y a pasar a una entrevista de seguimiento con su técnico socio penal. La querellante, es decir, la oficial de custodia describió la actitud de la parte recurrente como "hostil", "alterada", y "retante", concluyendo que ello puso en riesgo la seguridad institucional por la presencia de una cantidad de miembros de la población correccional que esperaban su turno para entrevistarse con sus respectivos técnicos socio penales.[3]

En la investigación de rigor, declararon por escrito tanto la parte querellante, como el señor Rivera Torres, en calidad de querellado. La oficial de custodia reafirmó su versión de los hechos que suscitaron la *Querella*, refrendándola con el reporte consignado en la página 28 del registro de incidencias de la institución correccional.[4] Por su parte, la parte recurrente calificó el asunto como uno de percepción. Solicitó, además, la desestimación o archivo de la *Querella* por haberse entregado la copia de esta fuera el término reglamentario y la omisión de

---

[2] Apéndice de la Moción en Cumplimiento de Resolución, Anejo 1, pág. 4. Además, se le apercibió sobre los derechos que le asisten durante el procedimiento disciplinario iniciado. *Íd.,* pág. 5
[3] *Íd.,* pág. 4
[4] *Íd.,* págs. 7-8

testigos, a pesar de que había gente presente en el lugar del incidente.[5]

Al cierre del proceso investigativo, el 28 de junio de 2024, se le entregó a la parte recurrente copia del correspondiente *Reporte de Cargos.*[6] **Este reflejaba un cargo por desobedecer una orden directa, conducta identificada como Acto Prohibido de Nivel II (Menos Grave), Código 233.12.**[7] Simultáneamente, se le entregó la respectiva *Citación para Vista Administrativa Disciplinaria*, en la cual quedó señalada la correspondiente audiencia para el 24 de julio de 2024.[8]

Posteriormente, el señor Rivera Torres compareció a esta en la fecha señalada, junto a su representación legal, durante la cual presentó una *Moción Informativa en Solicitud de Archivo [de] Querella*. Además, negó los cargos en su contra, aunque pidió disculpas a la parte querellante.[9] Mediante *Resolución* notificada el 31 de julio de 2024, la Oficial Examinadora que presidió la referida vista dio entero crédito a lo declarado por la querellante, es decir la Oficial de Custodia.[10]

**Así pues, basándose en la totalidad del expediente del caso, se halló al señor Rivera Torres incurso en la conducta sancionada por el Código 233 de la Regla 16 del Reglamento 9221.17.**[11] **Como medida disciplinaria, se suspendió su privilegio de comisaría por quince días, consecutivamente con cualquier otra sanción vigente**.[12]

Insatisfecho con el resultado de este procedimiento adjudicativo, la parte recurrente presentó una *Solicitud de Reconsideración Programa de Desvío y Comunitarios y Supervisión*

---

[5] *Íd.*, págs. 9-10.
[6] *Íd.*, pág. 11.
[7] *Íd.*
[8] *Íd.*, pág. 12.
[9] *Íd.*, págs. 13-17.
[10] *Íd.*, págs. 17-18.
[11] *Íd.*, pág. 17
[12] *Íd.*

*Electrónica* ("Solicitud de Reconsideración") el 2 de agosto de 2024.[13] Sostuvo su argumento de que la percepción de los hechos pertinentes al caso era relativa, por lo que se debió citar a otros testigos del incidente -el cual calificó de mal entendido- además de la querellada. También, arguyó que se disculpó con la querellante, no solo durante la vista disciplinaria, sino antes de su celebración.[14]

Mediante *Resolución* emitida y notificada el mismo 2 de agosto de 2024, se acusó recibo de la *Solicitud de Reconsideración* de la parte recurrente.[15] Posteriormente, mediante *Determinación* emitida el 19 de agosto de 2024 y notificada el 27 de agosto de 2024, la *Solicitud de Reconsideración* del señor Rivera Torres fue declarada *No Ha Lugar,* y la sanción impuesta, reafirmada.[16]

Inconforme, la parte recurrente suscribió el *Recurso* de epígrafe el 4 de septiembre de 2024, el cual fue recibido por la Secretaría de este Honorable Tribunal el 23 de septiembre de 2024. Allí el señor Rivera Torres indicó que, "luego de evalua[r] la totalidad del expediente, la Oficial Examinadora determin[ó] que se cometí[ó] lo alegado por la querellante".[17] Sin embargo, rechazó que la querellante fuese la única testigo de los hechos pertinentes -además de él,[18] y que la Oficial Examinadora evaluara su *Solicitud de Reconsideración,* en lugar de la Secretaría Auxiliar de Asuntos Legales del DCR.[19] Por último, destacó en que "el cumplimiento del plan institucional y los ajustes hablan sobre su car[á]cter y conducta",[20] y en el archivo o desestimación de la *Querella* por la

---

[13] *Íd.,* págs. 19-22.
[14] *Íd.,* pág. 21.
[15] *Íd.,* pág. 23.
[16] *Íd.,* págs. 24-25
[17] *Íd.,* pág. 3.
[18] *Íd.,* pág. 5
[19] *Íd.,* pág. 7.
[20] *Íd.,* pág. 6

notificación del correspondiente *Informe de Querella de Incidente Disciplinario* con un día de retraso.[21]

La parte recurrente le imputó al Departamento de Corrección y Rehabilitación los siguientes señalamientos de error:

> Err[ó] e[l] D.C.R. por conducto de la examinadora Madelin Santiago Morales esto debido a que se declaró ("Con Lugar") que este cometí[ó] el acto prohibido aún cuando el debido informe disciplinario no cumple con las estipulaciones del Reglamento Disciplinario, infra, lo que autom[á]ticamente se queda sin efecto por dichas razones, cuales ser[á]n presentadas.

> Err[ó] el D.C.R. por conducto de la secretaria auxiliar de asuntos legales e intervenciones/Div. Disciplinaria de Confinados esto debido a que la solicitud de reconsideración fue atendida por la Sra. Madeline Morales Santiago a pesar que esta fue la oficial examinadora de la vista disciplinaria, de la misma manera fungi[ó] como oficial de reconsideración.

Posteriormente, mediante *Resolución* emitida se le concedió a la parte recurrida presentar ante este Tribunal el Expediente administrativo de la *Querella* Número 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. Examinado el recurso en su totalidad y con la comparecencia de las partes, procedemos a establecer el derecho aplicable y resolver.

## -II-

### -A-

En nuestro ordenamiento jurídico, las decisiones de las agencias administrativas están investidas de una presunción de legalidad y corrección. *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020); *García Reyes v. Cruz Auto Corp.,* 173 DPR 870, 893 (2008). Lo anterior se fundamenta en el conocimiento especializado y la experiencia (*expertise*) sobre la materia que su ley habilitadora le confiere jurisdicción. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 436 (1997); *Misión Ind. P.R. v. JP y AAA*, 142 DPR 656, 672-673 (1997). En otras palabras, el conocimiento especializado de la agencia justifica que se sostengan

---

[21] *Íd.* (Se hace referencia la citación de la Regla 10 del Reglamento 9221). Véase, además, Apéndice de la *Moción en Cumplimiento de Resolución,* Anejo 1 pág. 4.

sus determinaciones. Por lo que, en virtud de nuestro ejercicio de revisión judicial, le debemos gran deferencia a las decisiones emitidas por los foros administrativos. *Pérez López v. Dpto. Corrección*, 208 DPR 656, 673-674 (2022); *Super Asphalt v. AFI y otros*, 206 DPR 803, 819 (2021). Los dictámenes de las agencias gozan de una presunción de legalidad y corrección que subsiste mientras no se produzca suficiente prueba para derrotarla. *OEG v. Martínez Giraud,* 210 DPR 79, 88-89 (2022); *AAA v. UIA*, 200 DPR 903, 910 (2018).

Dentro de este contexto, la revisión judicial se limita a determinar si la agencia actuó de forma arbitraria, ilegal, o tan irrazonable que implique abuso de discreción. *OCS v. Point Guard Ins.,* 205 DPR 1005, 1026-1027 (2020); *Rivera Concepción v. ARPe.*, 152 DPR 116, 122 (2000). Esto significa que el tribunal respetará el dictamen de la agencia, salvo que no exista una base racional que fundamente la actuación administrativa. *ECP Incorporated v. OCS*, 205 DPR 268, 282 (2020); *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 134-135 (1998). Así, la revisión judicial suele limitarse a determinar si: (1) el remedio concedido por la agencia fue el apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial en el expediente administrativo; y (3) si las conclusiones de derecho fueron correctas. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003).

Ahora bien, esa presunción de legalidad no constituye un dogma inflexible que impide la revisión judicial si no existen las condiciones que sostienen la deferencia. En el caso de *Torres Rivera v. Policía de PR*, 196 DPR 606 (2016), el Tribunal Supremo de Puerto Rico se expresó sobre el alcance de la revisión judicial y mencionó lo siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en

evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida. *Íd.*, pág. 628.

Por ende, como norma general, el tribunal revisor le debe respeto y deferencia al dictamen administrativo. No obstante, si el foro revisor entiende que uno de estos factores está presente, podrá entonces modificar la decisión. De lo contrario, se abstendrá a ello. Es pertinente enfatizar que la doctrina no exige que la agencia tome la mejor decisión posible, sino que el criterio a evaluar es si la misma, dentro de las circunstancias particulares del caso, es razonable. *De Jesús v. Depto. Servicios Sociales*, 123 DPR 407, 417-418 (1989). Por ende, si existe más de una interpretación razonable de los hechos, ordinariamente se avalará la decisión del foro administrativo. *Super Asphalt v. AFI y otros*, *supra*, a la pág. 819; *Torres Rivera v. Policía de PR*, *supra*, a la pág. 628.

En lo concerniente al alcance de la revisión judicial, la sección 4.5 de la de Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico limita la discreción del tribunal revisor sobre las determinaciones de hecho que realiza la agencia administrativa. 3 LPRA sec. 9675. Como consecuencia, la revisión judicial de los tribunales para determinar si un hecho se considera probado o no se limita conforme la siguiente norma:

El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.

Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se

basan en evidencia sustancial que obra en el expediente administrativo.

Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. Ley Núm. 38-2017, 3 LPRA sec. 9675.

El Tribunal Supremo de Puerto Rico define el concepto de evidencia sustancial como "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero v. Toyota*, 163 DPR 716, 728 (2005); *Misión Ind. P.R.* v. *J.P.*, *supra*, pág. 131. Además, dicho Foro ha reiterado que:

> Para que un tribunal pueda decidir que la evidencia en el expediente administrativo no es sustancial es necesario que la parte afectada demuestre que existe otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la prueba presentada y hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Domínguez v. Caguas Expressway Motors*, 148 DPR 387, 397-398 (1999); *Hilton Hotels v. Junta Salario Mínimo*, 74 DPR 670, 686 (1953).

Por tal razón, es la parte que impugna la decisión administrativa quien tiene que producir evidencia de tal magnitud que conmueva la conciencia y tranquilidad del juzgador, de forma que éste no pueda concluir que la decisión de la agencia fue justa, porque simple y sencillamente la prueba que consta en el expediente no la justifica. Ello implica que "[s]i en la solicitud de revisión la parte afectada no demuestra la existencia de esa otra prueba, las determinaciones de hecho de la agencia deben ser sostenidas por el tribunal revisor". *Domínguez v. Caguas Expressway Motors, supra*, pág. 398; *Ramírez v. Depto. de Salud*, 147 DPR 901, 905 (1999).

**-B-**

Como parte de las facultades delegadas a las agencias, la Asamblea Legislativa le concedió dentro de sus poderes delegados

la facultad de poder adoptar, establecer, desarrollar, enmendar, derogar e implementar reglas, reglamentos, ordenes manuales de normas y procedimientos entre otros facultades. Sabido es que las prisiones son lugares de cautiverio involuntario de personas que no han sido capaces de ajustarse a las normas de convivencia pacífica y ordenada. Por ello, y para asegurar la protección de las personas que trabajan en las instituciones carcelarias, es necesario que se tomen rigurosas medidas de seguridad. *Pueblo v. Falú Martínez*, 116 DPR 828, 836 (1986). En virtud del Plan 2-2011, 3 LPRA, Ap. XVIII Art. 1, también conocido como Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011, se le confirió al Departamento de Corrección y Rehabilitación, el poder aprobar el Reglamento 9221, conocido como Reglamento para establecer el procedimiento disciplinario de la población correccional, aprobado el 8 de octubre de 2020 (en adelante, el Reglamento 9221). Esto pues, con el propósito de mantener un ambiente de seguridad y orden en las instituciones penales. El Reglamento establece un mecanismo flexible y eficaz para imponer medidas disciplinarias a los confinados que incurran en violaciones a las normas y procedimientos establecidos en la institución.

La Regla seis (6)- Querella Disciplinaria, inciso tres (3) en lo pertinente dispone que

> Cualquier persona, visitante, miembro de la población correccional, empleado civil de la Institución, oficial correccional, funcionario del Departamento de Corrección y Rehabilitación o empleado de otra agencia que trabaje en la Institución, puede presentar una querella contra un miembro de la población correccional, utilizando el formulario suministrado para tales propósitos, en las siguientes circunstancias:
> [...]
> 3. Tiene motivo fundado para creer que un miembro de la población correccional cometió alguna infracción a las normas o reglamentos del Departamento de Corrección y Rehabilitación;...

Según la Regla diez (10)- Emplazamiento, en su inciso A dispone:

A. Emplazamiento con Copia de la Querella al Querellado- Dentro del término de dos (2) laborables siguientes a la presentación o radicación de la querella disciplinaria en la Oficina de Querellas, el Oficial de Querellas notificará al querellado la presentación de la querella disciplinaria en su contra, leyéndole en voz alta y clara el contenido de la misma. [...]

En lo relacionado al caso de marras, la Regla doce (12), inciso uno (1) del Reglamento 9221, *supra*, establece el proceso de investigación, donde se establece que todo casos de querella disciplinaria estará sujeta a la correspondiente investigación por el Oficial de Querellas. Los procedimientos inherentes a la investigación son:

(1) Entrevistar e interrogar a toda persona relacionada, directa o indirectamente con los hechos imputados, incluyendo al miembro de la población correccional querellado o los testigos solicitados por este.

De manera que se podrá perpetuar el testimonio si así es requerido por el querellado según el inciso tres (3), donde se distribuirá la información correspondiente en los formularios pertinentes según disponen el inciso cinco (5) y seis (6). En fin, la Regla doce (12) del Reglamento 9221, *supra*, en sus distintos incisos facilitan todo el proceso de Investigación cuando se genera una querella hasta su final verificación, informe correspondiente de manera completa y detallada, según los incisos siete (7), ocho (8) y nueve (9) de la referida Regla doce (12) del Reglamento 9221, *supra*.

Por otro lado, como parte del Capítulo II, se encuentra la Regla veinticuatro (24) del Reglamento 9221, *supra*, - Notificación de la Vista Administrativa. En lo pertinente, el Oficial de Querellas deberá notificar al querellado la fecha de la celebración de la vista administrativa ante el Oficial Examinador por lo menos con quince (15) días laborables de anticipación. En suma, debe notificársele de la fecha y hora, al igual del derecho de comparecer acompañado de un representante legal y las consecuencias de ausentarse de ella.

La Regla veinticinco (25) del Reglamento 9221, *supra,* regula la vista administrativa ante el oficial examinador. En síntesis, y bajo la discreción que le cobija al Oficial Examinador, este puede regular, extender o limitar el desfile de prueba y testigos, si concluyera que es repetitivo o innecesario, esto pues dependerá de cada caso.

Una vez celebrada la vista, el Oficial Examinador emitirá una *Resolución,* según dicta la Regla veintiocho (28) del Reglamento 9221, *supra.* En resumen, una vez aquilatada la prueba desfilada ante sí, y bajo la totalidad de las circunstancias que surjan del expediente administrativo. De entender que se incurrió en conducta punible, puede imponer las sanciones correspondientes, o en su contra parte desestimar la querella si entiende que no existe evidencia que demuestre los hechos como cuestión de derecho. Posterior a la *Resolución* emitida, el Oficial Examinador está facultado para atender y disponer de las solicitudes de reconsideración que surja a base de sus decisiones emitidas. [Regla Veintiocho (28) y treinta (30) del Reglamento 9221, *supra*].

### *-III-*

El señor Rivera Torres trae a nuestra atención dos (2) errores que a su entender, cometió el Oficial Examinador. En esencia aduce que se declaró que él cometió un acto prohibido aun cuando el debido informe disciplinario no cumple con las estipulaciones, por lo que automáticamente se queda sin efecto. Como segundo error, señala que la Oficial Examinadora que emitió su *Resolución* no podía acoger la *moción de reconsideración* presentada por él, por haber sido la misma. *No le asiste la razón.*

Por estar intrínsecamente atados, discutiremos los errores en conjunto.

Del propio Informe Disciplinario, aunque la parte recurrente señala que no se nombran los testigos, lo cierto es que se establece el nombre de la técnico socio penal, y también el nombre y firma de la querellante, quien fue la testigo en el proceso posterior. La parte recurrente señala que se le emplazó fuera de término según la Regla diez (10), pero omite mencionar que, se negó a recibir el Informe Disciplinario. Es menester señalar que el término debe adherirse al señalado, pero el reglamento no hace mención sobre si es un término perentorio, por lo que podrá prorrogarse por justa causa. También sostiene que, el informe carece de información, por lo que era necesario citar como testigos a todas las personas que obraban en la misma sala, como argumenta en su moción informativa. No obstante, esto es contrario a la discreción que tiene el Oficial Examinador de limitar la prueba a los asuntos pertinentes.[22] Para finalizar, aunque aceptó los hechos, que incluyeron una disculpa de su parte, solicitó el archivo del procedimiento en su contra.

Por otro lado, el señor Rivera Torres sostiene que la Oficial Examinadora que emitió la *Resolución* en el caso de marras, está impedida de emitir una reconsideración, aunque es quien está facultada según la Regla 28 del Reglamento 9221, *supra*. La parte recurrente sugiere erróneamente que debió haber sido evaluado en la Secretaria Auxiliar de Asuntos Legales e Investigaciones / Disciplina de confinados a nivel central, toda vez que la Oficial Examinadora no va a cambiar de "opinión". El propio Reglamento le otorga tal facultad de acoger la moción de reconsideración presentada.

Tal cual señalamos, en la revisión de la presente determinación administrativa, el criterio rector debe ser la razonabilidad de la actuación de la agencia. Sostenemos, pues, que

---

[22] Apéndice Recurso de Revisión Judicial, pág. 15.

la agencia recurrida actuó razonablemente y cumplió con el debido proceso de ley tal como se dispone en su Plan de Reorganización y Reglamento, *supra*. No hallamos en el expediente evidencia sustancial que nos mueva a revertir la *Resolución* recurrida. No erró el la agencia recurrida al declarar *No Ha Lugar* la *Moción de Reconsideración* presentada por el señor Rivera Torres. *No se cometieron los errores señalados.*

### -*IV*-

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, se *Confirma* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones